IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TISHAU PARTNERS, | No. C 10-0835 SI |
| Plaintiff, | **ORDER REMANDING CASE TO SUPERIOR COURT FOR THE COUNTY OF SAN MATEO** |
| v. | |
| GRACE MILES, | |
| Defendant. | |

On February 26, 2010, *pro se* defendant Grace Miles removed this unlawful detainer action from state court. On March 3, 2010, the Court issued an Order to Show Cause Why Case Should Not be Remanded to State Court for Lack of Jurisdiction. Both parties have responded to the Court's Order to Show Cause.

As an initial matter, plaintiff objects that Ms. Miles' removal was untimely. Plaintiff has submitted the declaration of Steven Naumchik, which states that Ms. Miles was served with the unlawful detainer complaint and summons on January 13, 2010 in open court. Naumchik Decl. ¶ 4. Ms. Miles filed the notice of removal on February 26, 2010, more than 30 days after service of summons and the complaint. Thus, the removal was untimely under 28 U.S.C. § 1446(b). "[A] timely objection to a late petition will defeat removal . . . ." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (per curiam).

In addition to being procedurally defective, the removal is substantively defective in that there is no basis for jurisdiction. There are no federal claims alleged in the lawsuit. The notice of removal states that removal is based on 28 U.S.C. § 1441. However, where there is no federal question jurisdiction, an action is not removable on the basis of diversity of citizenship if the defendant is a

citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(a), (b). Here, defendant is a California resident, and thus removal under 28 U.S.C. § 1441 is improper. Further, plaintiff's response to the Order to Show Cause states that plaintiff is a California citizen, and the amount in controversy is well below the $75,000 jurisdictional minimum.

The notice of removal also states that removal is based on 28 U.S.C. §§ 1334, 1452, and FRBP 9027. These statutes and rules relate to bankruptcy actions. 28 U.S.C § 1452 provides that a party "may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334, in turn, provides that "district courts shall have original and exclusive jurisdiction of all cases under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 133(a), (b).

However, bankruptcy removal jurisdiction is subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint. *See Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for So. California*, 463 U.S. 1, 9-12 (1983) (discussing well-pleaded complaint rule); *Yangming Marine Transport Corp. v. Electri-Flex Co.*, 682 F. Supp. 368, 370 (N.D. Ill. 1987) (applying rule to removal based on bankruptcy removal). Here, there is nothing from the face of the unlawful detainer complaint to confer bankruptcy removal jurisdiction, and thus removal on this ground was improper. *See id.*

Finally, although not stated as a basis for removal in the notice of removal, Ms. Miles' response to the Order to Show Cause asserts that removal was proper under 28 U.S.C. § 1443 ("Civil rights cases"). That section provides,

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Removal under Section 1443 has been construed very narrowly, and there is nothing in this record that would support removal on this ground. *See City of Greenwood, Mississippi v. Peacock*, 384 U.S. 808, 827-28 (1966) ("It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. . . . Under s 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.").

Accordingly, the Court concludes both that removal was untimely and that there is no basis for jurisdiction. The Court REMANDS this action to the Superior Court for the County of San Mateo. All pending motions are DENIED AS MOOT. Plaintiff's request for attorneys' fees and costs is DENIED.

**IT IS SO ORDERED.**

Dated: March 24, 2010

SUSAN ILLSTON
United States District Judge